IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID M. SANCHEZ,<br><br>    Plaintiff,<br><br>  v.<br><br>DERRAL ADAMS, Warden,<br><br>    Defendant.<br>_____/ | No. C 09-05447 CW (PR)<br><br>ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS UNTIMELY |

INTRODUCTION

Petitioner David M. Sanchez, a state prisoner incarcerated at California State Prison, Corcoran, filed a <u>pro se</u> petition for a writ of habeas corpus pursuant to 28 U.S.C. section 2254. Respondent has filed a motion to dismiss the petition as untimely. Petitioner has opposed the motion, Respondent has filed a reply, and Petitioner has filed a sur-reply. Having considered all of the papers filed by the parties, the Court, for the reasons discussed below, GRANTS Respondent's motion to dismiss and denies Petitioner a certificate of appealability.

BACKGROUND

On March 20, 2001, the Santa Clara County Superior Court, sitting without a jury, found Petitioner guilty of two counts of false imprisonment and two counts of corporal injury on a spouse. The court also found true allegations of two prior convictions under Cal. Penal Code section 667, subdivisions (b)-(i).

On July 20, 2001, the court sentenced Petitioner to two consecutive terms of twenty-five years to life for the two

corporal injury counts and, as to each of the two false imprisonment counts, imposed a sentence of twenty-five years to life, concurrent with the corporal injury sentence. The total term was fifty years to life in state prison. Id.

Petitioner filed a notice of appeal on July 20, 2001. Id. at 2. He raised one claim, that the concurrent sentences for false imprisonment should have been stayed under California Penal Code section 654, which prohibits multiple sentences for the same act or omission. The California Court of Appeal modified the judgment to stay the two false imprisonment sentences and otherwise affirmed the judgment. Resp.'s Ex. C at 5. Petitioner did not petition for review from the California Supreme Court.

In the instant petition, Petitioner states that he filed a petition for a writ of habeas corpus in the Santa Clara County Superior Court, but he does not provide the dates on which the petition was filed or denied. Pet. at 4. Petitioner further alleges that he filed a petition for a writ of habeas corpus in the California Court of Appeal but, again, does not allege the dates on which the petition was filed or denied. Pet. at 4-5. According to Respondent, the petition was filed on May 14, 2009, and denied on May 27, 2009.

Thereafter, on June 4, 2009, Petitioner filed a petition for a writ of habeas corpus in the California Supreme Court. Resp.'s Ex. D. The petition was denied on October 14, 2009, with a citation to In re Robbins, 18 Cal. 4th 770, 780 (1998), which stands for the proposition that the petition is untimely. Pet. Attach., California Supreme Court Denial.

Petitioner next filed the instant petition on November 17, 2009. Petitioner contends that his confinement is unlawful because: (1) he was not given a <u>Miranda</u> warning at the time of his arrest, a violation of the Due Process Clause of the Fourteenth Amendment; (2) he was convicted on the basis of hearsay and without substantial evidence; (3) the trial court erred by refusing to stay the sentence resulting from Petitioner's false imprisonment conviction; and (4) the sentence imposed by the trial court violates the Eighth Amendment prohibition of cruel and unusual punishment.

Respondent moves to dismiss the petition as filed outside of the one-year statute of limitations in 28 U.S.C. section 2244(d), without alleging or proving circumstances sufficient to excuse conformance with the statute. Petitioner argues that circumstances beyond his control caused the late filing and merit equitable tolling to excuse conformance with the statute. Specifically, Petitioner alleges that his case files were kept or destroyed by another inmate and that he could not obtain legal assistance from fellow inmates once he entered administrative segregation beginning in September 4, 2003. Petitioner gives no indication of how long he stayed in administrative segregation.

## LEGAL STANDARD

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (A) the judgment became final after the conclusion of direct

3

review or the time passed for seeking direct review; (B) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented the petitioner from filing; (C) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (D) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

Absent any tolling, the expiration date of the limitations period will be the same date as the triggering event in the following year. Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).

DISCUSSION

I. Statutory Tolling

The one-year statute of limitations is tolled under § 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The relevant question for tolling purposes is whether a properly filed "application is pending in state court, and not whether any particular claim was contained in that application." Gaston v. Palmer, 417 F.3d 1030, 1040 (9th Cir. 2005), amended, 447 F.3d 1165 (9th Cir. 2006). Because the statute expressly provides that the properly filed application may be "with respect to the pertinent judgment or claim," the period of limitations is tolled during the pendency of a state application challenging the pertinent judgment, even if the

4

application does not include a claim later asserted in the federal habeas petition. Tillema v. Long, 253 F.3d 494, 502 (9th Cir. 2001) (en banc).

Petitioner asserts that the one-year limitations period began to run on November 19, 2003, while Respondent asserts that the limitations period began to run on September 28, 2002. A judgment becomes final "by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1). Although Petitioner appealed a portion of his sentence to the California Court of Appeal, he did not petition for review from the California Supreme Court. If a petitioner could have sought review by the state supreme court, but did not, the limitations period will begin running against him when the time to seek such review expired. See Smith v. Duncan, 297 F.3d 809, 812-13 (9th Cir. 2002) (citing former Cal. Rules of Court 24(a), 28(b), 45(a)); Cal. Code Civ. Proc. § 12(a).

The California Court of Appeal ruled on August 19, 2002. Because Petitioner did not seek review of the appellate decision in the California Supreme Court, the one-year limitations period began to run forty days later, on September 28, 2002.[1] Petitioner provides no support for his claim that the one-year limitations period began to run on November 19, 2003.

The statute of limitations ran for over six years between September 28, 2002, and May 14, 2009, when Petitioner brought his

---

[1] The current California Rules of Court allow sixty days for appeal, but they were amended in January 2005, long after Petitioner's judgment had become final. See Cal. Rule of Court 8.308.

5

state habeas petition before the California Court of Appeal. This period is well in excess of the one-year limitations period. While Petitioner claims he also filed a petition for a writ of habeas corpus in the state superior court, he fails to establish the date that he filed such a petition or when it was denied. The burden of establishing statutory tolling of the limitations period falls squarely on the Petitioner. Smith v. Duncan, 297 F.3d 809, 814 (9th Cir. 2002), abrogated on other grounds. Accordingly, statutory tolling under § 2244(d)(2) does not excuse the untimeliness of the petition.

II. Equitable Tolling

Petitioner's second argument is that the one-year limitations period should be tolled because extraordinary circumstances prevented him from filing a timely petition. Specifically, he alleges that he was placed in the High Desert State Prison administrative segregation unit for security reasons on September 4, 2003, and, as a result of this confinement, he was unable to find an inmate willing to provide legal assistance, preventing him from timely filing a petition. Petitioner further argues in his sur-reply that an inmate who had been assisting him previously either kept or destroyed Petitioner's case files.

AEDPA's statute of limitations is subject to equitable tolling in appropriate cases. Holland v. Florida, 130 S. Ct. 2549, 2560 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland, 130 S. Ct. at 2562 (quoting Pace v. DiGuglielmo, 544 U.S. 408, 414

6

(2005)). "[R]easonable diligence" is required to establish entitlement to equitable tolling. Holland, 130 S. Ct. at 2565.

The Ninth Circuit has held that the petitioner bears the burden of showing that this "extraordinary exclusion" should apply to him. Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002). The petitioner also must show that "the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time." Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009) (internal quotation marks and citations omitted). Where a petitioner fails to show "any causal connection" between the grounds upon which he asserts a right to equitable tolling and his inability to file a timely federal habeas application, the equitable tolling claim will be denied. Gaston v. Palmer, 417 F.3d 1030, 1034 (9th Cir. 2005). A petitioner must, furthermore, show that his untimeliness was caused by an external impediment and not by his own lack of diligence. Bryant v. Arizona Attorney General, 499 F.3d 1056, 1061 (9th Cir. 2007) (finding no equitable tolling where petitioner was not diligent in that he failed to seek any state court relief for six years, or to take advantage of available paralegal assistance). When a petitioner is proceeding pro se, his allegations regarding diligence in filing a federal petition on time must be construed liberally. Roy v. Lampert, 465 F.3d 964, 970 (9th Cir. 2006).

Whether equitable tolling is in order turns on an examination of detailed facts. Lott v. Mueller, 304 F.3d 918, 923 (9th Cir. 2002); see, e.g., Espinoza-Matthews v. California, 432 F.3d 1021, 1027-28 (9th Cir. 2005) (finding equitable tolling warranted for

7

inmate's eleven-month stay in administrative segregation because he was denied access to legal papers despite his repeated requests for them); Stillman v. LaMarque, 319 F.3d 1199, 1202 (9th Cir. 2003) (finding equitable tolling warranted where prison litigation coordinator promised the prisoner's lawyer to obtain the prisoner's signature in time for filing a petition, but then broke his promise, causing the petition to be late); Corjasso v. Ayers, 278 F.3d 874, 878 (9th Cir. 2002) (finding equitable tolling warranted where district court erroneously refused to accept petition for filing because of technical deficiency in cover sheet and lost body of petition by the time petitioner sent in corrected cover sheet); Miles, 187 F.3d at 1107 (finding equitable tolling warranted where prison authorities failed to follow prisoner's instruction to draw filing fee for habeas petition from his trust account and mail it with petition to district court for filing).

Here, the basis of Petitioner's claim is that, while in administrative segregation, he did not have access to other prisoners for legal help. The Ninth Circuit expressly rejected this argument in Chaffer v. Prosper, characterizing lack of access to other inmates as "hardly extraordinary given the vicissitudes of prison life." 592 F.3d 1046, 1049 (9th Cir. 2010) (per curiam). As in that case, Petitioner offers no persuasive argument as to how isolation from other inmates made filing a petition "impossible." Petitioner argues that access to other inmates was a predicate for filing a habeas petition in federal court because he "has no money for an attorney" and "is not able to do the work for himself." Opp'n at 5. However, there is widespread agreement in the Ninth Circuit and elsewhere that a pro

8

se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling. Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006); Cantu-Tzin v. Johnson, 162 F.3d 295, 299-300 (5th Cir. 1998) (finding pro se status during state habeas proceedings did not justify equitable tolling).

Petitioner also contends that he was unable to file because a fellow inmate had kept or destroyed Petitioner's legal files when Petitioner was placed into administrative segregation. But unlike the inmate in Espinoza-Matthews, who established that he spent eleven months in administrative segregation, where he was denied access to his legal papers despite repeated requests for them, 432 F.3d at 1027, Petitioner voluntarily entrusted his legal documents to another inmate. See Chaffer, 592 F.3d at 1049 (9th Cir. 2010) (finding denial of access to legal files did not merit equitable tolling where petitioner has entrusted an inmate law clerk with the files and failed to point to specific instances where he needed a particular document). Petitioner states a general need for his legal files but does not indicate what files he needed, when and why he needed them, and how he attempted to acquire them. Therefore, Petitioner is not entitled to equitable tolling.

Further, even if Petitioner were entitled to equitable tolling, it would be warranted only for the period of his confinement in administrative segregation, until he was transferred to Corcoran State Prison. Petitioner does not provide the date of his transfer to Corcoran, but he does provide letters he received at Corcoran, including one as early as March 14, 2007. Pet. Attach., Northern California Innocence Project Letter from

1 Linda Starr. Consequently, if the Court equitably tolled the
2 entire three-and-a-half years between Petitioner's entry into
3 administrative segregation at High Desert State Prison and his
4 transfer to Corcoran, the petition would still be untimely.
5     Specifically, Petitioner had 365 days following September 28,
6 2002 to file a habeas petition in federal court. Petitioner
7 entered administrative segregation September 4, 2003, 341 days
8 after his conviction became final. The letter he received from
9 the Innocence Project demonstrates that he had been moved to
10 Corcoran by March 14, 2007. Petitioner filed his habeas petition
11 with the Court of Appeal on May 14, 2009. By then, 440 days had
12 passed since the date of the Innocence Project's letter addressed
13 to Petitioner at Corcoran. Even though he filed his petition in
14 the California Court of Appeal on May 14, 2009, this could not
15 restart the statute of limitations, which had already run.
16     For the foregoing reasons, Respondent's motion to dismiss the
17 petition is GRANTED.

## CERTIFICATE OF APPEALABILITY

19     A habeas petitioner must be granted a certificate of
20 appealability in order to appeal. <u>See</u> Rule 11(a) of the Rules
21 Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (requiring district
22 court to rule on certificate of appealability in same order that
23 denies petition). A certificate of appealability should be
24 granted "only if the applicant has made a substantial showing of
25 the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).
26 Where a petition is dismissed on procedural grounds, as it is
27 here, granting a certificate of appealability has two components:
28 "one directed at the underlying constitutional claims and one

10

directed at the district court's procedural holding." Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. at 484.

The application of the procedural rule in this case is not debatable. Even if Petitioner were entitled to equitable tolling during his time in administrative segregation, his petition would still fall outside of the one-year statute of limitations. A certificate of appealability is denied. Petitioner may request a certification of appealability from the Court of Appeals.

## CONCLUSION

For foregoing reasons, the Court orders as follows:

1. Respondent's motion to dismiss is GRANTED. (Docket no. 10)
2. A Certificate of Appealability is DENIED.

The Clerk of the Court shall enter judgment and close the file.

This Order terminates Docket No. 10.

IT IS SO ORDERED.

Dated: 9/27/2011

CLAUDIA WILKEN
United States District Judge

11